PETRA TORRES, Plaintiff and Appellant, *v.* WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 4896.   Argued December 4, 1929.—Decided June 24, 1930.

*José Soto Rivera* for appellant.   *James R. Beverley, Attorney General* and *Emilio Aldrey, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The district court, after a trial on the merits, dismissed a claim for $4,000, previously rejected by the Workmen's Relief Commission.

There was a sharp conflict in the evidence as to the date of the accident which occurred either on May 4, 1925, or on May 4, 1926.

The district judge found that Santiago Morales fell from a tree on May 4, 1926, and died on December 10.   He quotes the witness, Dr. García Ubarri as having testified that he was employed in Río Piedras in May, 1925, and attended Morales at a time long subsequent to the day of the injury, at which time he was suffering from pulmonary tuberculosis.

The *ratio decidendi* of the statement of the case and opinion is disclosed by the following extract:

"If, as Dr. García Ubarri said, since May, 1925, the laborer suffered from pulmonary tuberculosis, and the accident occurred in May, 1926, he having died in December of that year, we do not think that the disease ought to be attributed to the accident, and it seems to us that the case falls fully within the theory laid down by the Supreme Court in *Rodríguez* v. *Workmen's Relief Commission,* 36 P.R.R. 41."

Dr. García Ubarri did not say that Morales had tuberculosis since May 4, 1925. The nearest approach to any such statement in the testimony of this witness is to be found in a colloquy, which ensued immediately after his qualification as an expert. It follows:

"Q. Tell me, doctor, where did you work in May, 1925? A. As physician for the Workmen's Relief Commission. Q. Did you happen to know laborer Santiago Morales? A. Yes, sir. Q. How did you happen to know him? A. I learned of his case through a letter which I received from López Domínguez, and on going there I found that it was a case of tuberculosis. His family then informed me that it was due to a fall, though the case was not reported at the time of the fall, but long after he was ill and all the symptoms of tuberculosis had appeared. Q. Did you see him afterwards? A. A long time afterwards. Q. How long afterwards? A. I know that I received a letter from López Domínguez, Director of the Experiment Station, stating that there was a patient whom he wanted me to attend, and that his illness was the result of a fall. Q. When did the laborer go to your office? A. I saw him at his house. Q. Is this your report? A. That is my report. Q. From what type of tuberculosis did this man suffer? A. Pulmonary. Q. Was it not a so-called galloping consumption? A. I think so; as I did not know him, I asked him to furnish me with the clinical history of his illness, and a long time after treatment had been started, I learned that he had died of tuberculosis."

An unsigned application, or first part of a fragmentary document, partially consumed by fire, but identified by Dr. García Ubarri, specifies May 4, 1925 as the date of the accident. The second part, designed for a report by the employer, is in blank. The third part of the same document, subscribed and presumably filled in by Dr. García Ubarri,

fixes May 4, 1926, as the date of the accident. It gives as the date of the first medical examination May 16, 1926. It indicates that the applicant may return to work on May 22, 1926.

A ruling of the commission dated October 10, 1927, is based on a report made by the medical director of the commission in which he states that the claim refers to an accident of May 4, 1925, but is dated May 5, 1926, a year and a day after the accident, and that during this time no claim was presented nor was any step taken toward obtaining relief from the commission. Upon the theory of the district judge that Morales was suffering from galloping consumption in May, 1925, or for that matter at any time during 1925, it is easier to believe that the papers which specify May 4, 1925 as the date of the accident are mistaken in this regard than it is to believe that Morales, notwithstanding his serious illness, delayed the making of his application until May, 1926.

For the purposes of this opinion, we assume with appellee, and with the district judge, that there was but one accident, and accept the finding of the district judge that this accident occurred in May, 1926.

Dr. García Ubarri also identified a series of certificates dated July 16, 23 and 31, August 6, 13, 20, and 27, September 3, 10, 17, and 24, October 1, 15, 22, and 29, November 6, 19, and 26, and December 3, 1926, respectively. In each of these nineteen certificates he says:

"Santiago Morales, whom I have seen today, is recovering from the injury received, as the result of which he is unable to work."

It is much easier to believe that Dr. García Ubarri had not in fact examined Morales on each of the dates specified in each certificate than it is to believe that he issued these nineteen certificates in 1926 after having ascertained in 1925 that Morales was dying of galloping consumption. The medical director made his examination early in August, 1926, and found the disease in an extremely advanced stage.

García Ubarri's own statement, already quoted in part from the stenographic record, is that he learned of the case through a letter and on examination found it to be a case of tuberculosis; that the family told him it was the result of a fall, but did not inform him as to the date thereof; that this was a long time after the fall; that it was a case of pulmonary consumption, in the opinion of the witness, galloping consumption; that later, much later, witness learned of the patient's death from tuberculosis; that the disease was in an advanced stage; that this was a long time after the accident; that before this, witness knew nothing about the fall; that the disease might have been the result of a fall, depending upon the severity of the blow; that prior to this visit witness had not attended the patient ; that witness did not remember the year; that Morales died in 1926, eight months after the fall; and that witness did not see Morales on the day of the fall, but a long time thereafter.

A death certificate signed by Dr. García Ubarri says that Morales died of tuberculosis on December 9, 1926. Whether García Ubarri received the letter and made his first and only examination of Morales some time after issuing the certificate of December 3 as to continued improvement and before signing the death certificate, or at some earlier date, we can not concur in the view that his testimony establishes the fact of an examination made by him at any time prior to May 4, 1926. On the contrary, it raises a strong suspicion that he never made any examination before December 3, 1926. The statement of the case and opinion filed by the district judge lays no other foundation for the judgment of dismissal.

The testimony of the medical director, like his previous report to the Relief Commission, proceeds upon the hypothesis of a few insignificant bruises received on May 4, 1925, no evidence of which could be detected by medical examination shortly after the accident. Upon that basis this witness concludes that there was no causal connection between the injury and the disease. If the premise be sound, the con-

clusion is logical enough. The cross-examination of this witness, however, ends with the following question and answer:

"Now, doctor, considering the poor conditions under which our laborers live — ill-fed, with a tendency to tuberculosis — couldn't a rapid process of tuberculosis ensue if a laborer received injuries that caused a hemorrhage, a great loss of blood through the mouth, he being destitute of food from the time of his fall; a laborer having ten children and realizing that they were without the protection of their father—couldn't that suffering and the lack of food hasten the process, superinduce the development of tuberculosis?

"Undoubtedly, there is tuberculosis of a rapid course, galloping consumption."

Entirely aside from the testimony of García Ubarri, the uncontradicted statement of Dr. Fernández García shows that at least 90 per cent of our population is predisposed to tuberculosis, and the further fact that a blow on the chest may, and frequently does, superinduce galloping consumption. As to the fact last mentioned, the testimony of another expert, Dr. Soto Rivera, is to the same effect. The uncontradicted testimony of eyewitnesses to the accident is that a hemorrhage of the lungs followed the fall. These witnesses also say that the accident occurred on May 4, 1926, and that prior thereto Morales was a strong and vigorous man. He had been employed at the Experiment Station for some ten years. If these witnesses were mistaken either as to the date of the accident or as to the previous physical condition of Morales, that fact could have been easily brought out at the trial.

In the absence of any satisfactory showing that tuberculosis had developed before the date of the accident, the inference is that it developed thereafter as the result thereof. There is nothing in the case of *Rodríguez* v. *Workmen's Relief Commission, supra,* to preclude a recovery herein.

The judgemnt appealed from must be reversed.

Mr. Justice Aldrey took no part in the decision of this case.